IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MARSHALLE PFAB, ) | |
| ) | |
| Plaintiff, ) | No. C10-1024-EJM |
| vs. ) | |
| ) | ORDER |
| UNITED WISCONSIN INS. CO., d/b/a ) | |
| UNITED HEARTLAND, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's resisted Motion to Remand, filed October 12, 2010. Denied.

Plaintiff initially filed this action in the Iowa District Court for Dubuque County on October 4, 2010, seeking compensatory and punitive damages for defendant's bad faith failure to pay her workers' compensation claim (Count 1), defendant's acting in bad faith claiming plaintiff lied about her injuries and libeling her to her doctor (Count 2), and defendant's making false statements about plaintiff that would be reasonably understood to attack her integrity, and communicating those statements to others (Count 3).

On October 7, 2010, defendant removed the matter to this court pursuant to 28 USC §§1441 and 1446. Plaintiff is a citizen of Iowa, and defendant is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Defendant asserts the amount in controversy exceeds $75,000, and jurisdiction is proper pursuant to 28 USC §1332.

Plaintiff seeks remand, urging that the amount in controversy requirement is not satisfied. In support, plaintiff asserts that while no specific amount is claimed in the Petition, plaintiff made a settlement demand of $27,101.08, advised defendant that the amounts underlying the workers' compensation claim were relatively minor compared to the cost of litigating a bad faith action, and therefore "at this point" the amount in controversy does not exceed $75,000. Defendant resists, asserting that plaintiff seeks both compensatory and punitive damages, and declined to limit her claimed damages to less than the jurisdictional amount. Additionally, defendant asserts that in communications between the parties, plaintiff claims that the demand "is a bargain given the history here and the recoverable damages," with plaintiff providing a supporting citation to a case where similar claims were made, resulting in an award well in excess of the jurisdictional amount.

The burden is upon the removing party to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Bell v. Hershey Co., 557 F3d 953, 956 (8th Cir. 2009). Upon the removing party satisfying that showing, remand is appropriate only if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. Id.

Here, where plaintiff seeks both compensatory damages (including emotional distress) and punitive damages arising from claims that she sustained injuries in the course of her employment, that defendant had no reasonable basis

for the denial of her claim and acted in bad faith in the denial thereof, that defendant in bad faith claimed plaintiff lied about her injuries and libeled her to her doctor, and made false statements reasonably understood to attack her integrity, it is the court's view that defendant has satisfied its burden. The court notes this conclusion is not inconsistent with plaintiff's position as to the asserted value of the claim in discussions with defendant, nor with plaintiff's declining to agree that the claims are worth less than the jurisdictional amount.

It is therefore

ORDERED

Denied.

January 11, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT